(No. 80-CC-2045-)

Linda J. Cummings, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed July 1, 1982.*

Law Office of C.E. Huligenstein (Brad Badgby, of counsel), for Claimant.

Tyrone C. Fahner, Attorney General (William E. Webber, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

Claimant filed a claim against the State of Illinois as a result of an automobile accident which occurred at 8:30 a.m. on March 11, 1980, at the intersection of North 2nd Street and West F Street in Belleville, Illinois. The intersection in question is a four-way stop intersection.

Claimant, Linda J. Cummings, was driving north on North 2nd Street as she approached the intersection, and Lawrence Doiron, an employee of the Department of Law Enforcement of the State of Illinois, was driving east on West F Street.

Claimant arrived first, properly stopped and waited for Mr. Doiron to stop his vehicle. After Doiron stopped, Claimant proceeded into the intersection to make a left turn. When Claimant was half way through the intersection, Doiron started forward into the intersection and struck the left side of Claimant's car. Doiron testified that he failed to see Claimant because the sun was in his eyes.

Claimant was on her way to work. She is a dog groomer and was transporting two dogs in her car at the time of the accident. Respondent argues that this fact should be considered as contributory negligence because it is possible either or both dogs could have somehow affected Claimant's driving or control of her vehicle. However, neither Claimant nor Doiron, the only occurrence witnesses, testified that Claimant was operating her vehicle in any manner other than properly. All the testimony is in agreement on that point, and what Respondent urges is totally unsupported. Hence, there is no question but that Respondent's agent was negligent and Claimant was free of any contributory negligence.

At the scene of the accident Claimant stated she was not injured. She testified that she later started experiencing pain in her back and one week following the accident went to Dr. Kaesberg, a chiropractor, for treatment. Dr. Kaesberg treated her three times over six days and released her. Dr. Kaesberg diagnosed her injury as a thoracic sprain and a lumbosacral sprain with aggravation of a pre-existing congenital condition in the lumbosacral area of the spine. The doctor's opinion was that these injuries had been caused by the accident, that the sprains would heal themselves and that probably the aggravation of the congenital deformity would cause problems intermittently all her life.

Shortly after being released by Dr. Kaesberg, Claimant, while stooping at work, felt a pop in her knee. She continued to experience back and knee pain while working. In January of 1981 she sought treatment from Dr. Dueker, another chiropractor.

Dr. Dueker generally agreed with Dr. Kaesberg's diagnosis and stated that, whenever Claimant physically extends herself as she must do in her work, she will experience pain and stiffness. Dr. Dueker also testified that, based upon the history given by Claimant as to the knee pain onset shortly after the accident, his opinion was that it was caused by the accident. Finally, the doctor stated that in his opinion the Claimant would require future treatments every four to six weeks for the rest of her life to alleviate her symptoms. The present cost of each such treatment is $18.00. Claimant was age 33 at the time of the accident.

Dr. Kaesberg's bill for treatment was $205.00. Dr. Dueker's bill to the time of the hearing was $780.00 which included treatment for Claimant's knee pain.

Claimant's automobile was repaired following the

accident at a cost of $960.95, and Claimant incurred a bill for $95.00 for rental of a replacement auto during the time her vehicle was being repaired. The bills on these expenses were admitted into evidence without objection.

Claimant testified that, after the original repairs, there were some items of repair that still needed to be done. Mr. Gomeric, the owner of the local auto repair shop, testified as to an estimate he made of these items. The estimate totalled $479.13, and the witness testified that in his opinion all items could have resulted from the collision of March 11, 1980.

Respondent argues that Claimant failed to prove her bodily injuries resulted from the accident, and points to the lack of complaint of injury by Claimant at the scene of the accident and the minor damages to the vehicles. Respondent then notes that Claimant was treated by Dr. Kaesberg on three occasions, was released and did not see anyone for her injuries until nine months later when she began her course of treatments with Dr. Dueker. Respondent urges that Claimant's complaints of pain could be just as easily caused by her regular lifting of heavy dogs in her business.

Respondent failed to introduce any evidence whatsoever as to Claimant's injuries. No medical practitioner testified on Respondent's behalf to attempt to refute the testimony of Claimant's treating chiropractors. It is therefore the finding of the Court that the pain Claimant experienced in her back was caused by the trauma of the collision of March 11, 1980.

As to the pain in Claimant's knee, while Dr. Dueker's opinion was that this was also caused by the accident, the court cannot accept this opinion. Claimant's testimony was that she first noticed it after her release from Dr. Kaesberg's care while she was stooping at work and felt

her knee pop. It therefore seems more probable that this complaint was not caused by the collision of March 11, 1980.

Respondent argues that the additional auto repairs of $479.13 were caused by the failure of the original repair shop to properly do the work and that Respondent should not be liable for any such negligence by the original repairer. The testimony from Mr. Gomeric was that part of his estimate related to additional repairs which had to be done and which were not done in the original repair. Since these related directly to the accident, they were directly caused by the negligence of Respondent's employee.

Gomeric also testified that some items were required because the original work had not been performed properly. This also is attributable to Respondent. The rule of law in Illinois is that, so long as the injured party exercises ordinary care in selecting one to treat his injuries or repair his damages, any aggravation of these injuries or damages caused by the unskillful treatment is something which ought to have been anticipated by the original tortfeasor. Therefore, the negligence of the original tortfeasor is the proximate cause of the Claimant's injury or damage in its entirety. *Gertz v. Campbell* (1973), 55 Ill. 2d 84, 303 N.E.2d 40.

Claimant is hereby awarded the sum of seven thousand dollars ($7,000.00).